**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 06-cv-02133-CMA-MJW

BETTY L. JOHNSON,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,

    Defendant.

---

**ORDER DENYING MOTION FOR ATTORNEY'S FEES AND COSTS**

---

This is an employment discrimination case. The matter is before the Court on Defendant's Motion for Attorney's Fees and Costs (Doc. # 62)[1]. For the following reasons, the motion is denied.

## I. BACKGROUND

On October 20, 2006, Plaintiff filed a complaint against Defendant alleging three gender-based claims under Title VII of the Civil Rights Act of 1964: (1) disparate treatment, (2) hostile work environment, and (3) retaliation.

On October 31, 2007, Defendant moved for summary judgment on all of Plaintiff's claims. (Doc. # 22). The Court granted summary judgment on Plaintiff's disparate treatment and retaliation claims but denied summary judgment on her hostile

---

[1] The Clerk of Court addressed Defendant's request for costs separately. (*See* Doc. ## 67, 70.) The Clerk taxed costs in the amount of $ 2,443.35 against Plaintiff (Doc. # 70).

work environment claim.  (Doc. # 37.)  Accordingly, the case proceeded to trial on Plaintiff's hostile work environment claim.

A four-day trial began on February 17, 2009, during which Defendant twice moved for judgment as a matter of law under Fed. R. Civ. P. 50(a).  Both were denied.  (Doc. ## 57-58.)

Nonetheless, on February 23, 2009, the jury found in favor of Defendant.  In particular, it found that Plaintiff was not subjected to a hostile or abusive environment because of her gender; that a hostile or abusive work environment was not created by her supervisor, Sergeant Anthony Sullivan; and that she did not suffer from emotional pain or distress because of a hostile work environment.  Judgment was entered in favor of Defendant that same day.  (Doc. # 60.)

Defendant now moves the Court for an award of reasonable attorneys' fees,[2] arguing that Plaintiff's hostile work environment claim lacked a factual and legal foundation.[3]  (*See* Doc. # 62 at 9, 17; Doc. # 73 at 8.)  Defendant cites to Plaintiff's lack of credible evidence, in particular, Plaintiff's testimony, which Defendant characterizes as "self-serving" and "conclusory" and thus insufficient to rebut Defendant's motion.  (Doc. # 62 at 6; Doc. # 73 at 2, 3.)

---

[2] Defendant moves under Fed. R. Civ. P. 54 (d)(2)(B)(i).

[3] Defendant also argues that Plaintiff failed to overcome its *Faragher/ Ellerth* affirmative defense.  (*See* Doc. # 62 at 9-11.)  As should be obvious, the burden of proving an affirmative defense is on Defendant, not Plaintiff.  Defendant failed in this task at summary judgment.  (Doc. # 37 at 11 n.3.)  Moreover, the Court's inquiry at this stage is limited to determining whether Plaintiff's claim – not Defendant's – was frivolous, unreasonable, or without foundation.

## II.   DISCUSSION

**A.   <u>STANDARD OF REVIEW</u>**

Pursuant to *Christianberg Garment Co., v. EEOC.* 434 U.S. 412, 415-418 (1978), in the absence of legislation providing otherwise, litigants generally must pay their own attorney's fees.  However, section 706(k) of Title VII of the Civil Rights Act of 1964 authorizes the award of attorneys' fees to the prevailing party.  42 U.S.C. § 2000e-5(k).  Under § 706(k), a prevailing **plaintiff** ordinarily is to be awarded attorney's fees in all but special circumstances.  The rationale for this interpretation of § 706 is that such an award is justified because it is against a defendant who has violated federal law.  The standard for awarding fees to a prevailing **defendant** is more stringent, however, because the policy considerations that support an award of fees to a prevailing plaintiff are absent in the case of a prevailing defendant.   Thus, a defendant is entitled to attorneys' fees only if a court finds that the plaintiff's claims are "frivolous, unreasonable, or without foundation."  *Christianberg Garment Co.,* 434 U.S. at 421.

This standard is not easily met.  In the words of the Tenth Circuit: "a prevailing defendant in a civil rights action may recover attorney fees only if the suit was vexatious, frivolous, or brought to harass or embarrass the defendant . . . rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff."  *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1203 (10th Cir. 2000)*.*

**B.     ANALYSIS**

As mentioned, Defendant attempted to defeat Plaintiff's hostile work environment claim via judgment as a matter of law on three separate occasions.  First, Defendant moved for summary judgment, which was denied. (Doc. # 37.)  Next, after the close Plaintiff's case-in-chief, Defendant moved under Fed. R. Civ. P. 50(a) for judgment as a matter of law.  Like the motion for summary judgment, it too was denied. (*See* Doc. # 57 at 1.)  And finally, after the close of its own case, Defendant again moved for judgment as a matter of law, which, like the previous attempts, was denied. (*See* Doc. # 58 at 3.)  At each juncture, the Court found there was sufficient evidence for the case to proceed.

As to Defendant's first attempt, summary judgment should be granted only when there exists no genuine issue of material fact, thus entitling the movant for judgment as a matter of law.   A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986).  If there exists a genuine dispute as to a material fact, a trial is required.

Although two of Plaintiff's original claims were defeated at summary judgment, the hostile work environment claim survived.  Thus, despite the Court's finding that there existed genuine issues of material fact regarding Plaintiff's hostile work environment claim, Defendant persists in arguing that her claim was frivolous or

without foundation.  *Black's Law Dictionary* defines frivolous as "[l]acking a legal basis or legal merit; not serious; not reasonably purposeful."[4]  The Court questions how a given case can present a genuine issue of material fact so as to avoid summary judgment, yet be devoid of legal basis or merit.

In denying Defendant's motion for summary judgment, the Court found that Plaintiff had made a prima facie showing that Mr. Sullivan (Plaintiff's supervisor) had subjected her to severe and pervasive harassment based upon her sex, which she perceived, and a reasonable person would have found, altered the conditions of her work environment.  In particular, Plaintiff identified numerous, sexist statements allegedly made by Mr. Sullivan.  She also offered evidence that Mr. Sullivan did not believe women should be working at the jail and that he engaged in conduct which undermined her authority with the inmates.  Plaintiff referred to four specific instances and one general instance in which this allegedly occurred.  On the strength of this evidence, the Court concluded that Plaintiff's claim should proceed to trial.  (Doc. # 37 at 12-13.)

In support of its charge of frivolity, Defendant cites to *Yalowizer v. Town of Ranchester, Wyoming*, 18 Fed.Appx. 745, 754 (10th Cir. 2001) (unpublished). Defendant presents *Yalowizer* as a case with procedural facts analogous to this case; the district court there awarded attorney fees despite denying summary judgment on one of the plaintiff's claims.  This similarity notwithstanding, Defendant fails to mention

---

[4] *Black's Law Dictionary* (8th ed. 2004).

the panel's skepticism regarding the district court's decision, noting as it did that

"[p]erhaps the court should have granted summary judgment on the [claim that went

to trial.]  *Id.* at 754.

Aside from this dose of appellate doubt, the Court notes an important difference between this case and *Yalowizer*, specifically, the cause of action.  Here, Plaintiff alleged a hostile work environment.  Accordingly, the elements she had to prove were:

- First:  Plaintiff is a member of a protected group.  (The parties stipulated that Plaintiff met this element.)
- Second:  The conduct complained of was unwelcome;
- Third:  The conduct complained of was directed at Plaintiff because of her sex;
- Fourth:  The conduct complained of was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment by creating a hostile work environment under both a subjective and objective standard.

(Doc. # 59-2 at 9.)

The second element requires that the plaintiff subjectively feel that the complained-of conduct is unwelcome.  Thus, though Defendant trivializes Plaintiff's testimony, without it her case would have failed.  In contrast, the claim that survived summary judgment in *Yalowizer* did not require that the plaintiff prove his own perception of the complained-of conduct.  The plaintiff there alleged that the defendants retaliated against him for exercising his rights to free speech.  The instruction for that claim read in part that:

> In order for [the plaintiff] to prove that his speech in opposition . . . was a substantial or motivating factor in the [defendant's] decision . . . [the plaintiff] must prove by a preponderance of the evidence that a majority of the governing body of the [the defendant] acted with the improper motive to punish [the plaintiff] for his speech.

*Yalowizer,* 18 Fed.Appx. at 752.

Thus, although the plaintiff's testimony in *Yalowizer* was decried as speculative, much like Plaintiff's testimony here is decried as conclusory[5], there is an important distinction between the two cases. In the absence of other evidence, the *Yalowizer* plaintiff had to "speculate" as to whether the defendant acted with an improper motive. Here, in contrast, Plaintiff's testimony was not "speculative" in at least one important area: whether Mr. Sullivan's conduct was *subjectively* unwelcome.

Further, although Defendant asserts that there was no evidence that the conduct complained of was directed at Plaintiff because of her gender, Exhibit 48, which was admitted into evidence, suggests otherwise. (*See* Doc. # 86 at 125.) Therein the statements of four female deputies support the charge that Mr. Sullivan's conduct was motivated by a disrespect/dislike for women.

In support of the idea that a court *can* (as opposed to should) award attorneys' fees to a successful defendant even after it denying the defendant summary judgment, Defendant cites to *Flowers v. Jefferson Hospital Association*, 49 F.3d 391 (8th Cir. 1995), wherein the Eighth Circuit affirmed a district court that did just that. However,

---

[5] Speculation meaning "[t]he act or practice of theorizing about matters over which there is no certain knowledge.", whereas "conclusory" means "[e]xpressing a factual inference without stating the underlying facts on which the inference is based[.]" *See Black's Law Dictionary* (8th ed. 2004).

there is a crucial distinction between that case and this one.  In *Flowers*, the defendant won after a bench trial, not a jury trial.  *Id.* at 391.  This distinction is relevant given the two other instances in which Defendant was denied judgment as a matter of law on Plaintiff's claim: the two Rule 50(a) motions.

Defendant attempts to minimize the significance of these denials, arguing that Rule 50(a) motions are nothing more than a "tactic" through which courts maintain an efficient use of judicial resources.  That may be part of it, but as the plain language of the rule makes clear, Rule 50(a) exists for another purpose:  "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may . . . resolve the issue against the party."  Defendant did not prevail on its Rule 50 motions, not as a matter of course, but because the Court determined that Plaintiff had presented sufficient evidence to let the jury decide the case.

In sum, Plaintiff presented evidence that Mr. Sullivan's conduct was directed at Plaintiff because of her gender and evidence that the conduct was unwelcome.  The fact that the jury returned a verdict in favor of Defendant does not transform a legitimate claim into a frivolous one.  Given the difficult standard, and also given that Plaintiff's hostile work environment claim survived three legal challenges, the Court finds that Plaintiff's claim was not "vexatious, frivolous, without foundation, or brought to harass or embarrass the defendant."

### III.  CONCLUSION

Accordingly, the Court ORDERS that Defendant's Motion for Attorney's Fees (Doc. # 62) is DENIED.

DATED:  February   08  , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge